SC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jonathan LaMons ) | No. 1:07-CV-01432-FRZ |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Warden Ken Clark, et al., ) | |
| Defendants. ) | |

Defendant Ken Clark removed this action from the Kings County Superior Court to federal court based on federal question subject matter jurisdiction. See 28 U.S.C. § 1331. The Court will remand this action to state court as improperly removed.

"If at any time . . . it appears that the district court lacks subject matter jurisdiction, [a removed] case shall be remanded." 28 U.S.C. § 1447(c). A defendant may remove any civil action brought in state court over which the federal court would have original jurisdiction. 28 U.S.C. §1441(a). That is, only a civil action that could have originally been brought in federal court may be removed from state to federal court. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

In this case, Defendant removed this case asserting the Plaintiff seeks to recover for a violation of his constitutional rights pursuant to 42 U.S.C. § 1983. That is not the case. Plaintiff only alleges state law claims for gross negligence and negligence. For that reason, this action will be summarily remanded to state court. See 28 U.S.C. §§ 1446(c)(4), 1447(c).

1    **IT IS ORDERED** that this action is remanded to the state court as improperly
2  removed. [Doc.# 1]

4    DATED this 18th day of February, 2009.

```
                                        FRANK R. ZAPATA
                                        United States District Judge
```